UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-61553-BLOOM/Valle

LUCIA HERRERA, and
CACIANO GONZALEZ,

    Plaintiffs,

v.

WAL-MART STORES, INC.,
and MATTHEW WACHS,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiffs' Lucia Herrera ("Herrera") and Caciano Gonzalez's ("Gonzalez") (together, "Plaintiffs") Motion for Remand, ECF No. [32] (the "Motion"). Plaintiffs originally filed this action in the Seventeenth Judicial Circuit Court of Florida, for Broward County, Florida—alleging negligence and consortium claims against defendants Wal-Mart Stores, Inc.[1] ("Wal-Mart") and Matthew Wachs ("Wachs"). *See generally*, ECF No. [1-1]. On June 30, 2016, Wal-Mart and Wachs filed a Notice of Removal, ECF No. [1] (the "Notice") and Plaintiffs filed an Amended Complaint ("A. Comp.") in state court, ECF No. [13], which added Defendant Xiomara Paula ("Paula"). Plaintiffs now seek to have the case remanded to Florida state court. The Court has carefully reviewed the record, the parties' briefs, and the applicable law. For the reasons that follow, Plaintiffs' Motion for Remand is granted.

---

[1] Though the record reflects that there may have been some confusion with respect to which Wal-Mart entity was the proper defendant—Wal-Mart Stores, Inc. or Wal-Mart Stores East, L.P., *see* ECF No. [7]—the parties do not dispute that Wal-Mart is a non-resident defendant for purposes of determining diversity jurisdiction.

### I. Background

Plaintiffs assert Florida common law claims for negligence and loss of consortium against Wal-Mart, Wachs, and Paula (together, "Defendants").  Wachs and Paula have each filed motions to dismiss, ECF Nos. [17], [38] (the "Motions to Dismiss") – motions that are strikingly similar to the instant Motion before the Court.  *See generally* Defendants' Motions to Dismiss.

According to the Amended Complaint, Herrera was at the Wal-Mart store located at 12555 West Sunrise Boulevard in Sunrise, Florida, when she slipped on a grape that was on the floor between the cash registers.  A. Compl. ¶¶ 7-8.  As a result, she sustained multiple injuries.  *Id*. ¶ 9.  At the time of her injuries, Wachs was the store manager of the Wal-Mart, and Paula was an assistant manager on duty who responded to the incident.  *Id.* ¶¶ 6-7, Exh. A.  Plaintiffs seek relief under Florida common law for negligence and loss of consortium as a result of the injuries sustained by Herrera.  *Id*. Counts I-IV.

Wal-Mart and Wachs removed this case from state court based upon diversity of the parties under 28 U.S.C. § 1332, in spite of the fact that Wachs and Paula are citizens of the State of Florida, ECF No. [43-1], [43-2], arguing instead that they were fraudulently joined as Defendants only to defeat diversity jurisdiction.

### II. Legal Standard

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  To establish original jurisdiction, an action must satisfy the jurisdictional prerequisites of either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.  Diversity jurisdiction exists when the parties are citizens of different states, and the amount in controversy exceeds $75,000.  *See id.* § 1332(a).  The removing party has the burden of showing that removal

from state court to federal court is proper. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002).

Here, the Defendants argue that Plaintiffs named these non-diverse Defendants in order to defeat the original jurisdiction that would otherwise exist. "In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) (internal citations and quotations omitted).

> The burden of establishing fraudulent joinder is a heavy one. Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court. The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties. In making its determination, the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor.

*Id*. A court is to resolve the question of fraudulent joinder using a similar standard as the one applied to a motion for summary judgment. *Legg v. Wyeth*, 428 F.3d 1317, 1322-23 (11th Cir. 2005). Furthermore, "the claims against those defendants who are alleged to be fraudulently joined must be obviously frivolous, and the mere possibility of stating a valid cause of action makes joinder legitimate." *Carl's Furniture, Inc. v. APJL Consulting, LLC*, No. 15-60023-CIV, 2015 WL 1467726, at *3 (S.D. Fla. Mar. 30, 2015) (internal citation omitted). Overall, "[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

**III. Discussion**

Deciding whether Wachs and Paula were fraudulently joined and whether this case should be remanded to state court raises one principal issue: whether Plaintiffs can establish a cause of action against Wachs or Paula individually.[2]

Plaintiffs argue that Florida law recognizes a cause of action against store managers for tortious conduct committed in the scope of their employment, and that the allegations in the Amended Complaint are sufficient. Plaintiffs argue further that as a result, Defendants are unable to establish by clear and convincing evidence that the joinder of the resident defendants in this case is fraudulent. *See Garber v. Wal-Mart Stores, Inc.*, No. 13-81260-CIV, 2014 WL 1479166, at *2 (S.D. Fla. Apr. 14, 2014) (citing *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329 (11th Cir. 2011)) (stating that the applicable burden of proof is by clear and convincing evidence).

In response, Defendants argue that officers or agents of corporations may be individually liable in tort only if they personally participate in causing the injuries, and that Plaintiffs have failed to allege that either Wachs or Paula personally participated in bringing about Herrera's injuries. Defendants argue that, in effect, Plaintiffs are seeking to impermissibly hold Wachs and Paula individually liable for the alleged negligent acts of their employer, Wal-Mart. In support of their argument, Defendants submitted the declarations of Wachs and Paula, ECF Nos. [43-1], [43-2].

Plaintiffs are correct that Florida recognizes a cause of action against employees of a company individually. "The law is clear to the effect that officers or agents of corporations may be individually liable in tort if they commit or participate in a tort, even if their acts are within

---

[2] The parties do not dispute that the requisite amount in controversy is satisfied for diversity jurisdiction, so the Court does not concern itself with the second type of fraudulent joinder.

the course and scope of their employment." *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 5th DCA 2005).

Herrera specifically alleges in her Amended Complaint *inter alia* that Wachs and Paula, acting in their managerial capacity, owed duties to use reasonable care for the safety and well-being of customers and patrons; to ensure that employees were promptly and properly cleaning debris in the aisles to prevent slips and falls; to maintain, operate and control the premises in reasonably safe condition; to warn of unsafe conditions; and to maintain safe means of ingress and egress throughout the store, especially in between cash registers. A. Comp. ¶¶ 19-24, 27-32. In addition, Herrera alleges that Wal-Mart policy dictates that debris be cleaned from the floors. *Id.* ¶¶ 20, 28. Herrera further alleges that Wachs and Paula breached their duties and failed to enforce applicable Wal-Mart policy. *Id.* ¶¶ 25, 33. These explicit allegations in the Amended Complaint are sufficient to state a cause of action against Wachs and Paula. *Garber*, 2014 WL 1479166, at *2; *White*, 918 So. 2d at 358; *Hunt v. Target Corp.*, No. 14-80266-CIV, 2014 WL 1515262, at *1-2 (S.D. Fla. Apr. 18, 2014).

However, according to the declaration provided by Defendants, and attached to their response in opposition to remand, Wachs was not present at the store at the time of Herrera's alleged incident. ECF No. [43-2], at ¶¶ 12-13. In Florida, there is no cause of action for an *in absentia* claim of negligence of the type alleged here. *Stephens v. Petsmart, Inc.*, No. 8:09-cv-815-T-26-TBM, 2009 WL 3674680, at *2 (M.D. Fla. Nov. 3, 2009); *Accordino v. Wal-Mart Stores East, L.P.*, No. 3:05CV761J32MCR, 2005 WL 3336503, at *2-4 (M.D. Fla. Dec. 8, 2005); *Wade v. Dolgencorp, LLC*, No. 08:09-cv-01470-T-24-EAJ, 2009 WL 8630725, at *3 (M.D. Fla. Oct. 14, 2009). Therefore, absent some evidence from the Plaintiffs to show that Wachs was

present in the store, Defendants have demonstrated that, at this point, there is "no possibility" that Plaintiffs could establish a claim against Wachs in state court. *Triggs*, 154 F.3d at 1287.

Nevertheless, Paula's declaration, and the "Customer Statement" attached to the Amended Complaint, acknowledge that she was an assistant manager and, unlike Wachs, was present in the Wal-Mart store at the time of Herrera's injuries. ECF No. [43-1] at ¶ 3; A. Compl. Exh. A. In addition, the portions of Paula's declaration that pertain to her alleged duties as an assistant manager are conclusory. For example, she states that, she "did not place the alleged grape on the floor . . . [and she] did not have any knowledge that a grape was on the floor." ECF No. [43-1] at ¶ 5. Such conclusory statements are insufficient to carry Defendants' burden of establishing fraudulent joinder. *Hunt*, 2014 WL 1515262, at *2; *see Ellis v. England*, 432 F.3d 1321, 1325-26 (11th Cir. 2005) ("mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion"). Moreover, Paula's declaration admits that all Wal-Mart employees, regardless of position, are responsible for monitoring the floors and ensuring that there are no substances that could create a slip hazard. ECF No. [43-1] at ¶ 7, [43] at 12. As a result, Plaintiffs have stated a claim against Paula that is valid under Florida law. "The fact that the plaintiffs may not ultimately prevail against the individual defendants because of an insufficient causal link between the defendants' actions and the plaintiffs' injuries does not mean that the plaintiffs have not stated a cause of action for purposes of fraudulent joinder analysis." *Pacheco de Perez*, 139 F.3d at 1380-81 (citing *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). It is not the role of the Court at this juncture to weigh the merits of Plaintiffs' claim. *Id*.

### IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Remand,

Case No. 16-cv-61553-BLOOM/Valle

**ECF No. [32]**, is **GRANTED**.  This case is **REMANDED** to the Seventeenth Judicial Circuit Court of Florida, for Broward County, Florida.  The Clerk is **DIRECTED TO CLOSE** this case.  All pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Miami, Florida, this 19th day of August, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record